No. 2025-1045; 2025-1046

# United States Court of Appeals for the Federal Circuit

**OLLNOVA TECHNOLOGIES LTD.**

*Plaintiff-Appellant*

v.

**ECOBEE TECHNOLOGIES ULC, DBA ECOBEE,**

*Defendant-Cross-Appellant*

Appeal from the United States District Court for the Eastern District of Texas in No. 2:22-cv-00072-JRG, Chief Judge J. Rodney Gilstrap

**APPELLANT OLLNOVA TECHNOLOGIES LTD.'S RESPONSE TO MOTION FOR LEAVE TO FILE BRIEF OF AMICI CURIAE SAP AMERICA, INC., HP INC., FORESCOUT TECHNOLOGIES, INC., AND HIGH TECH INVENTORS ALLIANCE**

February 20, 2025

Brett Cooper
BC LAW GROUP, P.C.
200 Madison Avenue, 24th Floor
New York, NY 10016
Telephone: (516) 359-9668
bcooper@bclgpc.com

*Counsel for Appellant Ollnova Technologies Ltd.*

# **CERTIFICATE OF INTEREST**

Pursuant to Federal Circuit Rule 47.4, the undersigned counsel for the appellant, Ollnova Technologies Ltd., certifies the following:

1. The full names of every party represented by counsel of record are Ollnova Technologies Limited, a corporation.

2. The name of the real parties in interest are Ollnova Technologies Limited.

3. There are no parent companies, subsidiaries (except wholly-owned subsidiaries), and affiliates that have issued shares to the public, of the party represented by me.

4. The names of all the law firms, partners and associates that appeared for the entities in the originating court or agency and have not entered an appearance in this Court are Seth Hasenour, Jonathan Yim, and Drew Hollander (BC Law Group, P.C.); and Andrea Fair and Garrett Parish (Miller Fair Henry PLLC).

5. The title and number of any case known to counsel to be pending in this or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal is: *Ollnova Technologies Ltd. v. ecobee Technologies ULC d/b/a ecobee*, Case No. 2:22-cv-00072-JRG (E.D. Tex.).

6. Any information required under Fed. R. App. P. 26.1(b) and 26.1(c): none

Dated: February 20, 2025　　　　　　　　　　　　*/s/ Brett Cooper*
　　　　　　　　　　　　　　　　　　　　　　　Brett Cooper

# **TABLE OF CONTENTS**

CERTIFICATE OF INTEREST ................................................................................ i

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION ................................................................................................... 1

ARGUMENT ........................................................................................................... 1

CONCLUSION ........................................................................................................ 3

CERTIFICATE OF SERVICE ................................................................................. 5

CERTIFICATE OF COMPLIANCE ....................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Alice Corp. v. CLS Bank Int'l*,
   573 U.S. 208 (2014) ................................................................................ 3

*Am. Satellite Co. v. United States*,
   22 Cl. Ct. 547 (1991) ............................................................................... 2

*BSG, Tech LLC v. BuySeasons, Inc.*,
   899 F.3d 1281 (Fed. Cir. 2018) ............................................................... 3

*David H. v. United States*,
   135 Fed. Cl. 66 (2017) ............................................................................. 1

*Fluor Corp. v. United States*,
   35 Fed.Cl. 284 (1996)), *rev'd & remanded sub nom.*
   *Behrens v. United States*, 59 F.4th 1339 (Fed. Cir. 2023) ..................... 1

*Mayo Collab. Servs. v. Prometheus Lab'ys, Inc.*,
   566 U.S. 66 (2012) .................................................................................. 3

*New England Patriots Football Club, Inc. v. University of Colorado*,
   592 F.2d 1196 (1st Cir. 1979) ................................................................. 2

*Ryan v. Commodity Futures Trading Com'n*,
   125 F.3d 1062 (7th Cir. 1997) ............................................................ 2, 3

*SAP Am., Inc. v. InvestPic, LLC*,
   898 F.3d 1161 (Fed. Cir. 2018) ............................................................... 3

## INTRODUCTION

Plaintiff-Appellant Ollnova Technologies Ltd ("Ollnova") respectfully responds to the motion for leave filed by *amicie curiae* SAP America, Inc., HP Inc., Forescout Technologies, Inc., and High Tech Inventors Alliance ("Amici Motion"). The Amici Motion should be denied as it seeks to present arguments that are duplicative of arguments already presented by Defendant-Cross-Appellant Ecobee Technologies ULC ("ecobee"). The Amici Motion adds no unique information or perspective that would be helpful to the Court beyond what the parties can provide. Rather, the Amici Motion simply seeks to strengthen the arguments of one party (ecobee) and otherwise extend the amount of briefing on an issue that ecobee has already addressed in its Principal Brief.

## ARGUMENT

"There is no right to file an amicus brief in this court; the decision whether to allow participation by amici curiae is left entirely to the discretion of the court." *David H. v. United States*, 135 Fed. Cl. 66, 69 (2017) (citing *Fluor Corp. v. United States*, 35 Fed.Cl. 284, 285–86 (1996)), *rev'd & remanded sub nom. Behrens v. United States*, 59 F.4th 1339 (Fed. Cir. 2023). Several considerations are relevant when considering whether to allow participation by amici curiae, and "[p]erhaps the most important is whether the court is persuaded that participation by the amicus will be useful to it, as contrasted with simply strengthening the assertions of one

1

party. In that regard, … courts have frowned on participation which simply allows the amicus to litigate its own views." *Am. Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991); *see also New England Patriots Football Club, Inc. v. University of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979) (an amicus should not be partisan). A brief from an *amicus curiae*—i.e., a "friend of the court"—can be helpful if the amicus has "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). But an amicus brief is meant to assist the court and not merely extend the length of the litigant's brief. *See id.* at 1063. Here, the Amici Motion seeks to file a brief that is merely duplicative of arguments already presented by ecobee and provides no unique information or perspective that would be helpful to the Court. Amici simply reiterates the same arguments and cites the same cases as ecobee, thereby improperly seeking to strengthen ecobee's position argued in ecobee's Principal Brief. As such, the Amici Motion should be denied.

The Amici Motion specifically argues that the district court's jury instructions and verdict form question on patent eligibility in *Ollnova* are legally incorrect. Amici Mot. at 1. However, this exact argument is already presented by ecobee in its Principal Brief. Ecobee Br. at 22-31. Indeed, ecobee's opening brief dedicates nearly ten pages to this issue. *Id*. The Amici Motion therefore does not offer "unique

information or perspective" from ecobee; it offers essentially the same arguments and perspective. *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). In addition, of the five cases cited by the *amici*, four of them are also cited by ecobee in its argument concerning the jury instructions and verdict form. Ecobee Br. at 24-28 (citing *Alice Corp. v. CLS Bank Int'l*, 573 U.S. 208 (2014); *BSG, Tech LLC v. BuySeasons, Inc.*, 899 F.3d 1281 (Fed. Cir. 2018); *Mayo Collab. Servs. v. Prometheus Lab'ys, Inc.*, 566 U.S. 66 (2012); *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018)

The only new case citation by the *amici* is a single "see also" citation relied on to support a direct quotation from *SAP Am. Inc.*, which was itself already cited by ecobee. Amici Mot. at 2; Ecobee Br. at 25. For these reasons, there is no benefit to the Court in allowing participation by *amicus curiae*.

## **CONCLUSION**

For the foregoing reasons, the Court should deny amici's motion for leave to file a brief in support of ecobee.

Dated:  February 20, 2025                Respectfully submitted,

*/s/Brett E. Cooper*
Brett E. Cooper
bcooper@b-clg.com
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Phone: (516) 359-9968

***Attorneys for Appellant Ollnova Technologies Ltd.***

# CERTIFICATE OF SERVICE

I certify that today, February 20, 2025, I electronically filed the foregoing document with the Clerk of the Court for the U.S. Court of Appeals for the Federal Circuit using the appellate CM/ECF system.

*/s/Brett Cooper*
Brett E. Cooper
*Counsel for Appellant Ollnova*
*Technologies Ltd.*

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Federal Circuit Rule 32(b)(1), because this brief contains 673 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f). Fed. Cir. R. 32(b)(2).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

*/s/Brett Cooper*
Brett E. Cooper
*Counsel for Appellant Ollnova Technologies Ltd.*